1
2
3
4
5
6
7

8                              UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CHRISTOPHER PROVOLT,                         No.  2:16-cv-0585 KJN P

12                 Plaintiff,

13        v.                                      ORDER

14   SACRAMENTO COUNTY SHERIFF'S
     DEPARTMENT, et al.,
15
                  Defendants.
16

17

18        Plaintiff is a county jail inmate, proceeding without counsel.  Plaintiff seeks relief

19   pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28

20   U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28

21   U.S.C. § 636(b)(1).  Plaintiff consented to proceed before the undersigned for all purposes.  See

22   28 U.S.C. § 636(c).

23        Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).

24   Accordingly, the request to proceed in forma pauperis is granted.

25        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.

26   28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff is assessed an initial partial filing fee in

27   accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

28   the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

1  forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly

2  payments of twenty percent of the preceding month's income credited to plaintiff's trust account.

3  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

4  the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.

5  § 1915(b)(2).

6      The court is required to screen complaints brought by prisoners seeking relief against a

7  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

8  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

9  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

10  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

11      A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

12  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

13  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

14  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

15  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

16  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

17  Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.

18  2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably

19  meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at

20  1227.

21      Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

22  statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

23  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

24  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

25  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a

26  formulaic recitation of the elements of a cause of action;" it must contain factual allegations

27  sufficient "to raise a right to relief above the speculative level."  Id. at 555.  However, "[s]pecific

28  facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what

1   the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93

2   (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).

3   In reviewing a complaint under this standard, the court must accept as true the allegations of the

4   complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most

5   favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other

6   grounds, Davis v. Scherer, 468 U.S. 183 (1984).

7     Plaintiff alleges that he is a participant in the religious diet program, but that his meals

8   come uncooked, cold, missing portions, and with the wrong substitute, unseasoned, and

9   improperly prepared.  Plaintiff names as defendants Captain Greim, Facility Commander, David

10   McClanahan, Food Service Supervisor, Chaplain Oliver, and the Sacramento County Sheriff's

11   Department.  Plaintiff seeks a court order instructing defendants how to properly implement a

12   religious diet program and money damages.

13     The Ninth Circuit has held that:

14   
15      The Eighth Amendment requires only that prisoners receive food
   that is adequate to maintain health; it need not be tasty or
   aesthetically pleasing.  Cunningham v. Jones, 567 F.2d 653, 659-60

16      (6th Cir. 1977).  "The fact that the food occasionally contains
   foreign objects or sometimes is served cold, while unpleasant, does
   not amount to a constitutional deprivation."  Hamm v. DeKalb

17      County, 774 F.2d 1567, 1575 (11th Cir. 1985), cert. denied, 475
   U.S. 1096, 106 S.Ct. 1492, 89 L.Ed.2d 894 (1986).

18   
19   LeMaire v. Maass, 12 F.3d 1444, 1456 (9th Cir. 1993).

20     Plaintiff does not identify the injury, if any, he suffered as a result of his allegations.  For

21   example, he does not allege that he is being deprived of sufficient nutrition.  Plaintiff's

22   allegations, standing alone, are insufficient to state a cognizable Eighth Amendment claim.

23   Plaintiff is granted leave to file an amended complaint.

24     Moreover, plaintiff fails to allege facts demonstrating that Chaplain Oliver is responsible

25   for preparing the meals.

26     The Civil Rights Act under which this action was filed provides as follows:

27      Every person who, under color of [state law] . . . subjects, or causes
   to be subjected, any citizen of the United States . . . to the

28      deprivation of any rights, privileges, or immunities secured by the

Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978) ("Congress did not intend § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Although supervisory government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior, Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009), they may be individually liable under Section 1983 if there exists "either (1) [the supervisor's] personal involvement in the constitutional deprivation; or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation."  Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989).  The requisite causal connection between a supervisor's wrongful conduct and the violation of the prisoner's constitutional rights can be established in a number of ways, including by demonstrating that a supervisor's own culpable action or inaction in the training, supervision, or control of his subordinates was a cause of plaintiff's injury.  Starr v. Baca, 652 F.3d 1202, 1208 (9th Cir. 2011); Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991).  A plaintiff must also show that the supervisor had the requisite state of mind to establish liability, which turns on the requirement of the particular claim -- and, more specifically, on the state of mind required by the particular claim -- not on a generally applicable concept of supervisory liability.  Oregon State University Student Alliance v. Ray, 699 F.3d 1053, 1071 (9th Cir. 2012).

////

1   In any amended complaint, plaintiff should only name those individuals responsible for

2   the alleged constitutional violation.

3   Therefore, the court finds the allegations in plaintiff's complaint so vague and conclusory

4   that it is unable to determine whether the current action is frivolous or fails to state a claim for

5   relief.  The court has determined that the complaint does not contain a short and plain statement

6   as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading

7   policy, a complaint must give fair notice and state the elements of the claim plainly and

8   succinctly.  Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must

9   allege with at least some degree of particularity overt acts which defendants engaged in that

10  support plaintiff's claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed.

11  R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court, however, grants leave to file an

12  amended complaint.

13  If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions

14  about which he complains resulted in a deprivation of plaintiff's constitutional rights.  Rizzo v.

15  Goode, 423 U.S. 362, 371 (1976).  Also, the complaint must allege in specific terms how each

16  named defendant is involved.  Id.  There can be no liability under 42 U.S.C. § 1983 unless there is

17  some affirmative link or connection between a defendant's actions and the claimed deprivation.

18  Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743

19  (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil

20  rights violations are not sufficient.  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

21  In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

22  make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

23  complaint be complete in itself without reference to any prior pleading.  This requirement exists

24  because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

25  Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

26  pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

27  original complaint, each claim and the involvement of each defendant must be sufficiently

28  alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Sheriff of Sacramento County filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

      a.  The completed Notice of Amendment; and

      b.  An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

5. The Clerk of the Court is directed to send plaintiff the form for filing a civil rights complaint by a prisoner.

Dated:  October 26, 2016

_Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/prov0585.14

6

1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CHRISTOPHER PROVOLT,                    No.  2:16-cv-0585 KJN P

12                  Plaintiff,

13        v.                                 <u>NOTICE OF AMENDMENT</u>

14   SACRAMENTO COUNTY SHERIFF'S
     DEPARTMENT, et al.,
15
                    Defendants.
16

17
           Plaintiff hereby submits the following document in compliance with the court's order
18
     filed_____.
19
                  _____          Amended Complaint
20   DATED:

21

22                                         _____
                                           Plaintiff
23

24

25

26

27

28